THE STATE OF KANSAS v. C. LUND.

1. CRIMINAL CASE—*Assignment for Trial.* It is not error for the district court to assign a criminal case for trial at the same term of court at which the defendant is arrested, if sufficient time is given him to employ counsel and prepare for trial.

2. CONTINUANCE, *Defendant Entitled to.* Where the defendant in a criminal case makes an application for a continuance on account of the absence from the state of material witnesses, and the state consents that the facts set up in the affidavit may be read as the testimony of such absent witnesses; and there is a trial and a disagreement of the jury, and the case is set down for trial a second time at the same term of court, and the defendant makes a second application for a continuance, upon substantially the same ground; and it appears from the affidavit of the defendant that the evidence of the absent witnesses is material; that such witnesses were temporarily absent from the state, but that the defendant expected to procure their personal attendance at the next term of the court or take their deposition; and it further appears from the record that the defendant had caused a subpœna to be issued for such witnesses, which the sheriff returned indorsed "not found:" *Held,* That the defendant was entitled to a continuance, if the state would not consent to the reading of the facts alleged in the affidavit for a continuance as the deposition of such absent witnesses upon the trial.

*Appeal from Harper District Court.*

LUND was convicted of unlawfully selling intoxicating liquors. He appeals.

*Sam. S. Sisson,* and *Geo. W. Finch,* for appellant:

The court erred in setting this case down for trial on March 30, 1892, over the objections of Lund. The information was filed in this case on the 21st day of March, 1892. The warrant was served on the defendant on the 23d day of the same month. This was during a regular term of the district court; court having convened on the 7th day of March for this term of the court. The trial had on March 30 and 31 resulted in a mistrial, the jury failing to agree. On March 31, the court again set the case for trial for April 4, and being the same term of court that the defendant had been

once tried. This was done over the objection and protest of the defendant. This we claim to be error.

Only three days had elapsed after the former trial, and the second application for a continuance that was filed by the defendant covered the same grounds for a continuance as the first, and the defendant had been forced to trial without the testimony of these witnesses, and under all the testimony in the case as introduced by the state, it shows that the testimony of these witnesses was competent and material; and no objection having been made to the affidavits at the time, the state consented that they might be read as the testimony of the absent witnesses; and the defendant, relying upon these facts, the court can well imagine the surprise of defendant and his counsel when they were told by the court on the second trial of the action, and after the same affidavits had been read in testimony only three days prior, that they were incompetent and could not be read. We think this is error prejudicial to the rights of the defendant that will require a reversal of this action. See *Thompson v. The State*, 5 Kas. 159; *The State v. Dickson*, 6 id. 209; *The State v. Adams*, 20 id. 319; *The State v. Hagin*, 22 id. 490; *The State v. Burwell*, 34 id. 312; *The State v. Roark*, 23 id. 147; *The State v. Bartley*, 39 Pac. Rep. 701.

*T. J. Beebe*, county attorney, for The State; *F. C. Raney*, of counsel:

Appellant charges prejudicial error to the trial court in setting this case down for trial at the term of court during which the defendant was informed against and arrested. Paragraph 5222 of General Statutes of 1889, (Criminal Code,) justifies the action of the court below in this particular.

Appellant complains that the trial court committed error in overruling his motion for a continuance. It seems to us that, by implication at least, this question is settled by our statutes. Gen. Stat. of 1889, ¶¶ 3335, 3336. It is complained of that the trial court refused to allow the reading in evidence of certain affidavits supporting a motion for contin-

uance.   If we place a proper construction upon that para-
graph of our statutes which has been referred to immediately
above, the second trial was, in contemplation of law, a trial
*de novo;* and only such affidavits in support of a motion for
continuance could properly be read in evidence as had pre-
viously been read in support of the motion for continuance,
and admitted by counsel for state to be read as the deposi-
tions of those absent witnesses whose names and testimony
are set out in the affidavits themselves.   In this case, how-
ever, the state having declined to admit the affidavits to be
read, and the court having, in its discretion, overruled the
motion for continuance, it appears to us that such affidavits,
when sought to be introduced in evidence on behalf of the
defendant, were not improperly excluded by the court.

We have examined the cases cited by appellant, and are
unable to find in them anything which, by parity of reason-
ing and ruling, would warrant a reversal of this case.


Opinion by GREEN, C.:  On the 21st day of March, 1892,
an information was filed in the district court of Harper
county, charging C. Lund, in two counts, with selling intox-
icating liquors in violation of the prohibitory law.   The de-
fendant was immediately arrested, and, the court being in
session, the case was assigned for trial, over the objection of
the defendant, for March 30, following.   Two days before
the case was called for trial the defendant made an applica-
tion for a continuance.   Upon the hearing of the motion,
the county attorney consented to the reading of the affidavit
of the defendant as to what the absent witnesses would testify
to as the evidence of such witnesses.   The motion for a con-
tinuance was then overruled, and the case was tried on the
day it had been set down for hearing.   The jury failed to
agree upon a verdict, and the case was again assigned for
trial, at the same term of court, on the 4th day of April.
The defendant filed a second motion for a continuance, in
which he set up the evidence of the same absent witnesses,
the fact of the first trial, and the failure of the jury to agree

upon a verdict. The court overruled the second motion for a continuance, and the state did not consent to treat the affidavits as the depositions of the absent witnesses. The second trial resulted in a verdict of guilty on both counts. A motion for a new trial was overruled, and the defendant was sentenced to pay a fine of $200, and ordered committed to the jail for 60 days. He appeals from such judgment and sentence.

It is first claimed that the court erred in setting the case down for trial on March 30, 1892, over the objection of the defendant. It is a sufficient answer to this contention to say that the code of criminal procedure authorizes it: "If the defendant appear or is in custody at the term at which the indictment or information is found, such indictment or information shall be tried at that term, unless continued for cause." (Gen. Stat. of 1889, ¶ 5222.) It appears that the defendant had over a week to employ counsel and prepare for trial. This, we think, was ample time, and the court committed no error in setting the case down for trial.

It is further urged by the appellant that the court erred in overruling the second application for a continuance, without requiring the state to treat the affidavits of the defendant as the deposition of the absent witnesses. This is more serious. The state upon the first trial had consented that the affidavits might be read. In the second application they were substantially the same. If the showing made in the first instance was sufficient to impose the statutory requirement upon the state to consent to the reading of the affidavits as the deposition of such absent witnesses, we cannot see why the court should not have imposed the same essential condition upon the state when the second application was heard. We are of the opinion that the court erred in overruling the second application for a continuance.

It appeared from the affidavits of the defendant that there were three absent witnesses, whose evidence was material. The affidavits set forth the testimony that each one would give, which, if true, would tend to establish the fact that

the defendant did not make the sales of intoxicating liquors charged in the information and upon which the state elected to stand and ask for a conviction. We think, under all of the circumstances, the court should have allowed the defendant to read the affidavits as the deposition of the absent witnesses, or continued the case until the next term of court.

For this error, it is recommended that the judgment and sentence of conviction be set aside, and a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.