## THE STATE OF KANSAS v. MORGAN A. STICKNEY.

1. BURGLARY—*Detective Present—No Defense.* Where a person breaks into a building, intending to commit larceny, and does every act essential to a burglarious breaking, the mere fact that there was a detective with and apparently assisting him in the commission of the crime will not constitute a defense. (*The State v. Jansen,* 22 Kas. 498.)

2. BREAKING, *Not Burglarious, When.* If the entrance to the building was made by the procurement and with the consent of the owner, or by a person acting in his employment, the breaking could not be regarded as burglarious; but the fact that the owner was willing to assist in and facilitate the detection and arrest of the criminal is itself no consent to the commission of the crime.

3. CONTINUANCE—*Denial, Not Error.* The appellant was arrested and his preliminary examination was held eight days before the trial. Two days before the trial counsel was assigned to him, and on the day preceding the trial he filed an affidavit for a continuance, stating that he had not had sufficient time in which to prepare for trial, and setting forth the testimony of an absent witness, whose testimony he desired. The state consented that the affidavit for continuance should be read as the deposition of the absent witness, and the court denied the continuance. *Held,* That the denial of the motion was not error.

4. NEW TRIAL—*Evidence Merely Cumulative.* Newly-discovered evidence that discredits a witness, or which is merely cumulative, is not sufficient cause for a new trial.

### *Error from Nemaha District Court.*

FROM a conviction for burglary, the defendant *Stickney* appeals. The opinion states the material facts.

*John Stowell,* for appellant.

*John T. Little,* attorney general, and *Frank Wells,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: Morgan A. Stickney was convicted of burglary, and the punishment adjudged was imprisonment in the state penitentiary for a term of five years. He appeals to

this court, and the errors relied on for reversal are: The refusal of a continuance, the insufficiency of the evidence, and the denial of a motion for a new trial upon the ground of newly-discovered evidence. On December 13, 1893, in the nighttime, the store building of Daniel Birchfield, at Centralia, was broken open while the sheriff, Birchfield and several other parties were within. After the door was broken, Stickney entered, with a navy revolver and carrying upon his arm two grain sacks, when he was arrested by an officer who was inside. It appears that some time previous to the occurrence, the sheriff employed Oscar Payne to detect the commission of crime in the vicinity of Centralia, and, on the evening before the entry, Payne informed the sheriff that a raid upon the store was contemplated on that night, with a view of stealing merchandise therefrom. Birchfield was informed by the sheriff, and a party was organized to capture the thief. When Stickney was arrested, he declared, in answer to an inquiry by the sheriff, that he was unaccompanied by anyone. His defense at the trial was, that he was induced to enter the store by Payne, who broke the fastenings and effected the entrance, leaving the door open for him to pass within, and that, as Payne was in the employment of Birchfield, the breaking and entrance were not unlawful. Before the commencement of the trial, he asked for a continuance on the ground that he had not had sufficient time since his arrest "to obtain the necessary evidence with which to rebut the charge alleged against him," and specifically stated that he desired the testimony of Payne, whose testimony was set forth, and which would tend to sustain his defense, as heretofore stated. He was taken into custody early on the morning of December 13, and his preliminary examination was held upon the same day. On December 19, counsel was assigned to him, and on the following day the affidavit for continuance was presented. The state consented that the affidavit for continuance should be read as the deposition of the absent witness, and the court denied the continuance, and ordered the case to trial on December 21. It thus appears

that the trial of Stickney did not occur until eight days after his arrest and preliminary examination. It is true that he procured counsel only two days before the trial, but there was then time to ascertain from the appellant the names of needed witnesses and the testimony he expected to obtain from them. The only witness named in the affidavit, and whose testimony he hoped to procure, was Payne, and as the state consented to treat the affidavit as the deposition of the absent witness, it cannot be held that error was committed in denying the continuance. (*The State v. Lund,* 49 Kas. 580.)

3 Continuance, denial, not error.

There can be little doubt of the sufficiency of the testimony to sustain the verdict. If Payne was employed by the owner to open the door and decoy the appellant within the building, and the entrance was with the consent of Birchfield, then certainly the appellant cannot be held responsible for a burglarious entry. Birchfield positively denies that Payne was in his employment, or that the breaking of the door was at his request, or by his procurement. It is shown that the door through which the entry was made was locked upon the outside, and that a wooden bar used for securing the door on the inside was left unfastened on that night. The proof showed that a person was heard to approach the door, and that, after prying upon the lock and fastenings for a space of about 10 minutes, the door was broken open, and immediately afterward the appellant entered, armed with a gun about a foot long, and with two sacks upon his arm, which were presumably intended for use in carrying away merchandise. Although the appellant states that the door was broken open by Payne while appellant stood 10 feet away, and that after breaking the fastenings, Payne withdrew and induced appellant to open the door and enter the building, the witnesses who were within state positively that the entry was made as soon as the fastenings were broken. The testimony of the witnesses for the state tends to show that the breaking was done by the one who entered the building; and as Stickney was the only one who

2. Breaking, not burglarious, when.

entered, there is little chance for mistake as to the breaking. Immediately upon his arrest, Stickney declared that he was unaccompanied by anyone.

The question of whether there was an implied consent on the part of Birchfield to the defendant's entry was properly submitted to the jury, and we think there was sufficient testimony to justify the verdict that there was no consent to the commission of the crime. The fact that Birchfield was willing to assist in and facilitate the detection and arrest of a criminal does not amount to a consent to the commission of the crime, nor will the mere fact that there was a detective with and apparently assisting appellant in the commission of the crime constitute a defense. (*The State v. Jansen*, 22 Kas. 498.) There was testimony tending to show that the appellant personally performed every act which was essential to the burglarious breaking. If the outside lock was broken by appellant, and an entry effected by him with the intent to commit crime, he cannot escape responsibility by the mere fact that the inside bar was not fastened, nor because the owner of the building was lying in wait to discover and apprehend the criminal. The evidence in the case was conflicting, but amply sufficient, we think, to uphold the verdict. No objection is made to the charge of the court, and an examination of it shows that it fairly presented the law of the case.

1. Burglary—detective present—no defense.

The newly-discovered testimony relied on for a new trial tended to contradict some of the witnesses for the state, and such as was entitled to consideration was merely of a cumulative character. Newly-discovered testimony to discredit a witness, or which is merely cumulative, is not sufficient to warrant the granting of a new trial. (*The State v. Kearley*, 26 Kas. 89; *The State v. Rohrer*, 34 id. 427; *The State v. Smith*, 35 id. 618.)

4. New trial—evidence merely cumulative.

The judgment of the district court will be affirmed.

All the Justices concurring.