No. 37,481

WILLIAM MILTON COOPER, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 803)

Opinion filed November 30, 1948.

*William Milton Cooper*, was on the briefs *pro se*.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *Edward F. Arn*, attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in habeas corpus. The petitioner was charged with murder in the first degree. The district court accepted a plea of guilty to murder in the second degree. Petitioner had two previous felony convictions and on October 15, 1934, was sentenced to life imprisonment.

The petitioner seeks his release from confinement on the grounds:

(1) He was not charged pursuant to indictment of a grand jury but under an information filed by the county attorney.

(2) Petitioner was not given a preliminary hearing as required by law.

(3) The information was erroneously drawn in that it did not contain the statute number on which he was convicted.

(4) The journal entry of judgment was erroneously drawn in that it failed to state the section of the statute under which he was convicted and that such failure violated the bill of rights of the federal and state constitutions.

(5) His plea of guilty was not his free, intelligent and voluntary act but was secured by fraud, coercion and deceit.

(6) Petitioner was not properly represented by counsel but was induced to enter his plea by such attorney and the court officials. His denial of counsel violated the sixth amendment of the constitution of the United States.

It repeatedly has been held the first ground is not good. The

record before us, including an affidavit of the undersheriff of Greenwood county, discloses petitioner was not denied a preliminary examination but voluntarily waived it. Moreover, if there was any irregularity in such waiver petitioner waived his right to a preliminary hearing by his plea of guilty in the district court. The third ground is not good for the reason it was not necessary to set forth the section of the statute in the information. (*Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128.) The fourth contention that his confinement is illegal because the journal entry did not contain the section number under which sentence was imposed in 1934 is not good. Prior to the enactment of G. S. 1947 Supp. 62-1516 in 1941 such recital in the journal entry was not mandatory. (*Rice v. Hudspeth,* 162 Kan. 596, 178 P. 2d 230.) Petitioner has failed to sustain the burden of proof with respect to the fifth ground of his petition. The affidavit of able counsel appointed for the petitioner by the district court discloses a number of conferences with petitioner in which petitioner was advised of his rights to trial by jury; that it was his counsel's duty to present petitioner's evidence to the court and jury if the petitioner desired to have that done and of the penalty for the various degrees of murder. The affidavit further discloses that after petitioner was advised and understood the difference between murder in the first and second degree petitioner requested his counsel to attempt to induce the county attorney and the court to accept a plea of guilty to murder in the second degree and that if such plea would be accepted he would enter his plea of guilty; that his counsel conferred with the county attorney on that subject and the plea was in nowise induced by his counsel through fraud, coercion or deceit but was made after due deliberation and consideration of petitioner's rights. Petitioner's uncorroborated affidavit on this subject does not sustain his burden of proof. Petitioner likewise has failed to establish the sixth ground of the petition that he was denied proper representation by counsel. The record before us in nowise meets the proof required to establish such a charge. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.)

In view of the record before us the writ cannot issue. It is denied.