No. 37,854

STATE OF KANSAS, *Appellee*, v. COSME RANGEL, *Appellant*.

(217 P. 2d 1063)

Opinion filed May 6, 1950.

*Daniel R. Hopkins,* of Garden City, argued the cause, and *Logan N. Green* and *Roland H. Tate,* also of Garden City, and *Howard B. Maxwell,* of Ulysses, were with him on the briefs for the appellant.

*Frank R. Collins,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, and *C. Harold Hughes,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from a conviction of first degree murder and a sentence of life imprisonment in the state penitentiary. Briefly, the facts are as follows: Medardo Cantu and his wife drove defendant's daughter, Julia, and one Basilio Aquero to New Mexico to be married, and all returned to Ulysses the same day. Defendant, learning these facts, took his gun and called at Cantu's home about 1:00 o'clock the next morning, where during the altercation that followed, Cantu was shot twice. Mrs. Cantu ran to a neighbor's home and defendant went there also and knocked on the door, but was dissuaded from further action and went to a doctor's office for treatment of cuts received on his body, and was there arrested by local police. Cantu died without making a statement.

Complaint was filed in the Justice Court on April 22, 1949, pursuant to G. S. 1935, 21-401 charging defendant in that he ". . . did then and there unlawfully, feloniously, willfully, deliberately and premeditatedly kill one Medardo Cantu, by shooting him, the said Medardo Cantu, contrary to the form of the statutes. . . ." A warrant was issued describing the offense in the language of the statute, and was returned the same day; defendant waived preliminary hearing, which waiver was later ratified by advice of counsel; a plea of not guilty was entered; and defendant was bound over to the District Court and committed to the county jail. An information was filed April 28, 1949, charging defendant with first degree murder, and on May 3 defendant appeared with his attorney Howard Maxwell, waived arraignment and entered a plea of not guilty. Discussion followed in regard to the time to be set for trial, defendant objecting to an immediate trial on the ground that he was not ready, nor was he demanding an immediate trial, and the case was set for trial on July 18, no further objection being interposed. On July 18 the case came on for trial at a special term of court, a special jury having been drawn, at which time Mr. Shields, an attorney for the defense, objected to trial at this term of court on the ground the statute required that an information be returnable at the next regular term. His objection was overruled, no further objection was made of record, and the trial proceeded.

The first assignment of error is that the transcript of the Justice of the Peace did not charge defendant with first degree murder. The pertinent part of the transcript, in addition to a copy of the complaint, reads:

"April 22, 1949. . . . The Complaint and Warrant having been read to the defendant, Cosme Rangel, here present. The defendant waives preliminary hearing after which the defendant is bound over by and from the Justice Court to the District Court of the County of Grant, State of Kansas. The defendant is committed to the Grant county jail until released by due process of law.

"On April 27, 1949, appeared Frank R. Collins, County Attorney, who advised the Court that defendant had obtained counsel and moved that defendant and counsel appear to ratify and approve the above waiver of hearing. Thereupon the defendant and his attorney stated to the Court that no preliminary hearing or examination was desired and waived same, and entered a plea of not guilty."

One of the principal purposes of a preliminary examination in a criminal case is to give the accused general information of the char-

acter of the alleged offense and to apprise him of the nature of the evidence he will be required to meet when he is subjected to a final prosecution in the district court (*State v. Willhite*, 161 Kan. 113, 166 P. 2d 562). It must be remembered that these preliminary proceedings are generally had before Justices of the Peace, officers not learned in the law, and if the same fullness and precision, the same precautions against all the contingencies of the testimony, were required there as in the information or indictment, justice often would be delayed and defeated. All that can be required is that there shall be a single statement containing the substantial facts of the offense charged, and then the prosecutor in preparing the information may use many counts, varying in them the formal and nonessential matters of the crime (*State v. Spaulding*, 24 Kan. 1; *McIntyre v. Sands*, 128 Kan. 521, 278 Pac. 761).

No question is raised as to the sufficiency of the complaint or the warrant—to which the defendant had waived his right to a preliminary hearing; nor that defendant was not fully advised as to the nature of the crime with which he was charged. Moreover, it is clear from a reading of the transcript that the defendant was bound over to the district court for trial on a charge of murder in the first degree as set forth in the complaint and warrant read to him. On April 28 the county attorney filed in the District Court an information charging defendant with the crime of murder in the first degree. Defendant filed no motion, nor did he make any objection to the sufficiency of this information or any prior proceedings, and on May 3 he appeared with his counsel in District Court, waived arraignment, and entered a plea of not guilty. Having waived arraignment and entered a plea of not guilty, defendant cannot now complain of any technical defect in the transcript of the Justice of the Peace, even had one existed (*Cooper v. Hudspeth*, 166 Kan. 239, 199 P. 2d 803).

The April term of the District Court began April 11 and ended December 4. Defendant waived preliminary examination on April 27; the information was filed April 28; he waived arraignment and pleaded not guilty on May 3, and the trial began on July 18. It is contended by defendant that the case was not triable until a term of court beginning after the defendant waived his preliminary. G. S. 1935, 62-1301 provides:

"All indictments and informations shall be tried at the first term at which the defendant appears, unless the same be continued for cause. If the defend-

ant appear or is in custody at the term at which the indictment or information is found, such indictment or information shall be tried at that term, unless continued for cause."

The language of the statute is plain and direct leaving no doubt that the cause was properly triable at the April term. The defendant was in custody at that term, at which the information was filed, and under the statutes the court was required to try the case unless cause for continuance was shown (*State v. Asbell*, 57 Kan. 398, 46 Pac. 770; *State v. Lund*, 49 Kan. 580, 31 Pac. 146; *In re Garner*, 134 Kan. 410, 5 P. 2d 821).

At the time of arraignment on May 3 the only objection made by defendant was that he was not ready or demanding trial at *that* time. The case was then set for July 18 and no further objection was made, although the court on two subsequent dates, June 11 and July 8, advised both counsel for the state and for defendant to be ready to proceed on that date. On July 18, the day set for trial, counsel for defendant objected only on the ground that the information should have been returnable at the next regular term. We believe the time allowed for preparation of defendant's case in this rural community was adequate. It was not stated there was testimony which the defendant was unable to procure at that term, nor did he contend he could not have a fair trial. He had stipulated that the jury drawn by the court be approved in all particulars and agreed that a verdict be rendered by them. Courts are vested with much discretion in protecting the orderly progress of business therein pending, and under the facts of this case, we cannot say that such discretion was abused in assigning this case for hearing at the same term in which the information was filed.

Defendant complains of the use of an interpreter employed by the state during the investigation of the case. However, the record discloses that defendant had an interpreter of his own and used him at the trial. No objection was made at the time of the trial to use of such interpreter, and no showing has been made that the interpreter did not properly perform his duties or that the defendant's rights were prejudiced thereby.

Defendant next complains that the court overruled his motion for new trial, charging error on two grounds: newly discovered evidence and that he was forced to take up his motion for new trial three days after the verdict was rendered. As to the first ground, defendant submits but two affidavits, one made by defendant's

daughter, and one by a neighbor. No showing was made of any diligence used by defendant to have either of these witnesses present at the trial; and both lived in the town where the trial was held. Moreover, neither affidavit contained new evidence; at most it was merely cumulative.

As to the second ground, the jury returned its verdict on July 20 at which time the defendant through his attorney stated he desired to file a motion for new trial and agreed that such motion be heard on July 23. In the interim, defendant employed *additional* counsel who appeared on July 23, objected to the hearing on the motion for new trial and asked permission for additional time to procure affidavits and obtain further information on which to base the defense argument on the motion. He further stated they had received information which led them to believe there was a possibility certain jurors may have been prejudiced in the case, and requested additional time on the further ground that the newly obtained *additional* counsel had been recently employed and had not had sufficient time to prepare for the hearing. The court granted a continuance until four o'clock that afternoon, but defendant and his counsel appeared at two o'clock and stated in response to a question by the court:

The Court: "Do you have anything further to offer?"

Mr. Green (newly employed counsel for defendant): "Nothing, except that this man was charged with manslaughter and finds himself winding up with a first degree murder verdict against him."

The record discloses that defendant retained Mr. Maxwell as counsel at the preliminary hearing, and thereafter and prior to his trial in the district court, employed Mr. Shields as additional counsel. Both represented defendant throughout the proceedings. Inasmuch as defendant was ably represented throughout the trial of this case by counsel of his own choosing, there is no merit to defendant's contention and we find nothing in the record which would indicate the court abused its discretion in overruling defendant's motion for new trial.

After a careful study of the entire record in this case, we are of the opinion that defendant had a fair and just trial. The judgment is affirmed.