No. 38,224

DONALD D. FOSTER, *Petitioner,* v. R. H. HUDSPETH, Warden, Kansas State Penitentiary, *Respondent.*

(224 P. 2d 987)

Opinion filed December 9, 1950.

*Donald D. Foster,* pro se.

*Harold R. Fatzer,* attorney general, and *Willis H. McQueary,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

PRICE, J.: This is an original proceeding in habeas corpus in which petitioner seeks his release from confinement in the Kansas State Penitentiary.

On or about March 29, 1948, petitioner was taken into custody by Neosho county authorities for an alleged burglary offense committed in that county. A few days later he was formally charged with sec-

ond degree burglary and while confined in the county jail awaiting trial he escaped and shortly thereafter was apprehended in the state of Iowa in possession of a stolen automobile. He was released to Kansas authorities and returned to Neosho county where he was further charged with the larceny of an automobile.

The district court appointed counsel to represent him in both cases, and on May 12, 1948, he entered his plea of guilty to the charge of burglary in the second degree and to the charge of larceny of an automobile. On the former charge he was sentenced to confinement in the state penitentiary for a term of not less than five nor more than ten years, as provided by G. S. 1935, 21-523, and on the latter charge he was sentenced to confinement in the state penitentiary for a term of not less than five nor more than fifteen years, under the provisions of G. S. 1935, 21-534 (First), the sentences to run concurrently. Shortly thereafter petitioner was delivered into the custody of the respondent warden.

The grounds upon which petitioner seeks his release are that—(1) at the time of his arrest on the burglary charge he was on parole from a federal penitentiary and thus was in the constructive custody of the federal government and not subject to the jurisdiction of a state court; (2) he was forcibly returned to Neosho county following his apprehension in Iowa without proceedings for his extradition being had; (3) he did not receive a preliminary hearing and therefore the sentences imposed upon him were void; and (4) his court appointed counsel was unskilled and that he was misadvised to enter pleas of guilty.

With respect to the first ground mentioned, it appears that on or about January 29, 1948, he was released on a conditional parole from a federal penitentiary and, according to petitioner, the expiration date of his federal sentence, provided he fulfilled the conditions of his parole, was May 5, 1948. He therefore argues that he was under the exclusive jurisdiction of the federal government and that the state authorities had no right to prosecute him during such interim.

This question has been before this court previously and has been answered adversely to petitioner's contention. In *Powell v. Turner*, 167 Kan. 524, 207 P. 2d 492, it was held:

"It is true that the attorney general of the United States and the federal courts may refrain from relinquishing a federal prisoner or parolee to state authorities for prosecution within the state. However, the conditional release

by federal authorities does not in itself preclude action by a state during the term of probation or parole. It is a discretionary matter with the attorney general of the United States as to whether a federal prisoner will be 'delivered up' or a state be permitted to prosecute or incarcerate him. The federal prisoner or parolee cannot himself take advantage of his status by way of defense to a prosecution by the state. The matter of his custody is one of comity between the two jurisdictions, and he has no voice in it." (p. 530.)

Concerning his second contention, that he was forcibly returned to Kansas after his apprehension in Iowa without extradition proceedings being had, this court has held that the jurisdiction of a district court to try a person on a charge of having committed a public offense does not depend upon how he came to be in this state. (*State v. Wellman,* 102 Kan. 503, 170 Pac. 1052, L. R. A. 1918D 949, Ann. Cas. 1918D 1006.) See also *Brandt v. Hudspeth,* 162 Kan. 601, 605, 178 P. 2d 224; 22 Am. Jur., Extradition, § 65, p. 303, and Annotation in 165 A. L. R. 948.

Concerning petitioner's third contention, that he did not receive a preliminary hearing and therefore the sentences imposed were nullities, it has been held that a plea of guilty operates as a waiver of such right. In *Cooper v. Hudspeth,* 166 Kan. 239, 199 P. 2d 803, it was held:

"Moreover, if there was any irregularity in such waiver petitioner waived his right to a preliminary hearing by his plea of guilty in the district court."

Petitioner's last ground is also without merit. He was a man thirty-four years of age with a previous criminal record, and his unsupported and uncorroborated allegations to the effect that his court appointed counsel did not dutifully represent him at every stage of the proceeding are no basis for his release.

A search of the record before us discloses nothing which would entitle petitioner to his release, and the writ is therefore denied.