No. 43,085

STATE OF KANSAS, *Appellee*, v. MARVIN L. ROBERTSON, *Appellant*.

(378 P. 2d 37)

772

Opinion filed January 26, 1963. 

Appellant was on the brief *pro se.*

*Michael E. Chalfant,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *Dennis O. Smith* and *Richard J. Rome,* Assistant County Attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: The defendant, Marvin L. Robertson, has appealed from a conviction of burglary in the second degree, as defined by G. S. 1949, 21-520.

The complaint was filed in the city court of Hutchinson on August 28, 1961. It charged that on the 8th day of September, 1960, the defendant broke and entered in the nighttime a certain described business building in Hutchinson with the intent to steal.

On December 15, 1961, a preliminary hearing was held. The defendant was present in person and by competent and experienced counsel. In response to routine questioning by the county attorney and his assistant several witnesses for the state placed the burglary as having occurred in the nighttime of August 8, 1960. Apparently no one, including the examining magistrate and counsel for defendant, noticed the discrepancy in the date—that is, that the complaint charged the offense as having been committed on *September* 8, 1960, whereas the testimony fixed the date as *August* 8, 1960.

Defendant made no objection to the evidence, and introduced none in his own behalf. At the conclusion of the hearing he was bound over to the district court for trial.

On January 3, 1962, an information was filed in the district court charging that the offense in question occurred "on or about the 8th day of September a. d. 1960."

For reasons not shown by the record, counsel who represented defendant at the preliminary hearing in the city court withdrew from the case, and on January 6, 1962, the district court appointed Mr. Arthur H. Snyder, a competent and experienced attorney of Hutchinson, to represent defendant at the trial of the case.

Among the papers filed by defendant in prosecuting his appeal to this court, *pro se*, is a copy of an affidavit made by Mr. Snyder in which it is stated that upon accepting the appointment to represent defendant he obtained a copy of the transcript of the testimony given at the preliminary hearing. Noticing the fact that whereas both the complaint and information charged the offense as having been committed on *September* 8, 1960, and that the testimony at the preliminary hearing placed it as having occurred on *August* 8, 1960, Mr. Snyder called the matter to the attention of the district court and moved that the defendant have a proper preliminary hearing so that he would be properly advised as to the date upon which the state intended to rely at the trial. This motion was overruled.

The case came on for trial before a jury on January 24, 1962, at which time defendant was present in court in person and by his court-appointed attorney. The court inquired if the parties were ready for trial and defendant, through his attorney, answered in the affirmative. He then was formally arraigned—following which he entered a plea of "not guilty." The trial proceeded.

On direct examination, three witnesses for the state—Farmer, Allen and Rucker—testified that the burglary in question occurred in the nighttime on September 8, 1960. Their attention was directed to the fact that at the preliminary hearing they had placed it as having occurred on August 8, 1960. Each stated that it was simply a "mistake"; that there had been only one burglary, and that it had occurred on *September* 8, 1960. Under cross-examination, witness Rucker, a member of the Hutchinson police department, explained that the discrepancy in dates was due to the fact that at the time of the preliminary hearing he simply "had not checked the date."

Several witnesses testified on behalf of defendant, and he himself took the witness stand. He was asked if he was guilty of the burglary of the business building in question on September 8, 1960, and his answer was "no."

No defense of "alibi" was raised.

Defendant was found guilty as charged, and his motion for a new trial was overruled. The journal entry of judgment recites that when, on February 26, 1962, the matter came on for imposition of sentence, defendant was asked if he had any legal cause to show why sentence should not be pronounced—he presented nothing.

Having previously been convicted of a felony (burglary), defendant was, under the provisions of G. S. 1949, 21-523, and the habitual

criminal statute, G. S. 1949, 21-107a, sentenced to confinement for a period of not less than ten nor more than twenty years.

This appeal followed and, as heretofore stated, is being prosecuted by defendant *pro se.*

Several matters are mentioned in his informal abstract and brief, but his principal contention is that he did not have a preliminary hearing on the offense with which he was charged, due to the discrepancy in the testimony as to the date on which the burglary was alleged to have been committed.

G. S. 1949, 62-805, provides that no information shall be filed against any person for a felony until has has had, or waived, a preliminary hearing. It has been held many times that the main purpose of a preliminary hearing is to determine that a crime has been committed and to give the defendant general information of its nature and inform him of the nature of the evidence he will be required to meet when placed on trial in the district court. ( *The State v. Bailey,* 32 Kan. 83, 3 Pac. 769; *McIntyre v. Sands,* 128 Kan. 521, 278 Pac. 761; *State v. Howland,* 153 Kan. 352, 110 P. 2d 801, and *State v. Rangel,* 169 Kan. 194, 195, 196, 217 P. 2d 1063.)

It is quite true the complaint alleged the burglary to have occurred on September 8, 1960, and that at the preliminary hearing witnesses for the state testified it occurred on August 8, 1960. No one noticed the "discrepancy," and defendant, who was represented by counsel, made no objection. Apparently it was just "one of those things" which sometimes happen. The information filed in the district court alleged the offense to have occurred on or about the 8th of September, 1960. We have before us a transcript of both the preliminary hearing and the trial in the district court. Witnesses for the state satisfactorily explained the "discrepancy" in their testimony, and they were subjected to cross-examination at the trial. It is clear there was only one burglary of the business establishment—and that it occurred on the night of *September* 8, 1960. It is not contended otherwise. Other than as to the "discrepancy" in the dates at the preliminary hearing defendant was fully apprised at that hearing of the nature of the evidence which would be used against him in the event he was bound over for trial. We have no question here concerning the defense of "alibi." There is no showing whatever that defendant was in any way prejudiced because of the discrepancy, or that he did not know what he was charged with—and when. G. S. 1949, 62-1718, provides that on an

appeal this court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.

Other matters raised by defendant have been examined and considered but are found to be entirely without merit.

The judgment is affirmed.