No. 44,793

KEITH WILLIAM ALCORN, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(427 P. 2d 588)

Opinion filed May 13, 1967.

*Robert A. Atherton,* of Augusta, argued the cause, and *Raymond A. Over-peck,* of Augusta, was with him on the briefs for the appellant.

*Ervin E. Grant,* Special Prosecutor, argued the cause, and *Robert C. Londer-holm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment denying relief in a proceeding to vacate a sentence brought under the provisions of K. S. A. 60-1507.

The trial court had on September 17, 1964, considered a letter filed by the petitioner as a petition under K. S. A. 60-1507 and denied relief without a hearing on an examination of the files and records of the original conviction and sentence.

A second petition was filed on December 21, 1964, in which it was again contended that the sentencing on a plea of guilty without the aid of an attorney except at the sentencing and the failure to hold a preliminary hearing deprived petitioner of his constitutional rights.

The trial court overruled the second petition under the provisions of K. S. A. 60-1507 (*c*) which provides:

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

The petitioner has appealed.

Perhaps the appeal should be dismissed for the reason stated by the trial court and the statute above quoted. However, as the first proceeding was filed in letter form before the forms prescribed in

Supreme Court Rule No. 121 were made available, we will consider the questions on their merit. (*Perrin v. State*, 196 Kan. 228, 410 P. 2d 298.)

The appellant first contends that there were triable issues of fact and substantial issues of law raised by the petition requiring appointment of counsel and the presence of appellant at the hearing. Whether or not this contention has merit must depend on the nature of the grounds on which the sentence and judgment were challenged and the condition of the record in connection therewith. If the files and the record of the case conclusively show that the prisoner was entitled to no relief, a hearing was not necessary. (K. S. A. 60-1507 [*b*].)

The appellant in his statement of points relied on for reversal challenges the original judgment and sentence on two grounds:

"The Court *errored* in that the records failed to show an appearance of the Defendant at either Preliminary Hearing or Arraignment and in fact was not granted a preliminary hearing as required by K. S. A. 62-611 and 62-614.

"The Court failed to appoint counsel until the proceedings prior to sentencing and when counsel was appointed, the Court failed to allow adequate time for consultation, amounting to inadequate representation."

The recorded facts are applicable to both questions. The appellant was charged in two separate informations, each with two separate counts of burglary in the second degree and larceny in connection therewith.

On April 1, 1961, he was brought before the district court by the county attorney for the purpose of inquiring into the necessity of appointing an attorney for his defense. At that time the following colloquy took place:

"THE COURT: Mr. Alcorn, I believe at the present time or previous to being brought to jail here in Butler County you were in the Kansas State Penitentiary at Lansing, Kansas, is that true?

"MR. ALCORN: Yes.

"THE COURT: And by provision of the statute you have asked to be brought back to have this matter disposed of. I assume you do not have an attorney, is that correct?

"MR. ALCORN: Yes.

"THE COURT: Do I assume you don't have funds to employ an attorney?

"MR. K. ALCORN: I would like to waive all rights and get it disposed of as soon as possible.

"THE COURT: I believe this court should appoint an attorney to advise with you your rights.

"MR. K. ALCORN: They discussed that with me the other morning.

"The Court: I believe I will appoint an attorney to go over the matter with you and advise you as to what your rights are and so in case No. 6671 and 6672 I will appoint Roy S. Fischbeck to be your attorney in regard to both of these cases and he will be notified and I assume he will get in touch with you some time today."

On April 3, 1961, the appellant appeared before the district court with his court appointed attorney and entered his plea of guilty. At the same time he requested the court to make the sentences run concurrently. He was questioned:

"The Court: All right. Mr. Alcorn have you heard your attorney enter your plea of guilty to the charges as contained in the information?

"Mr. Alcorn: Yes, sir.

"The Court: And that is your free and voluntary plea, is it, Mr. Alcorn?

"Mr. K. Alcorn: Yes, Your Honor.

"The Court: And you are entering your plea because you are guilty, is that correct?

"Mr. K. Alcorn: Yes.

"The Court: Do you know of any reason why sentence should not be pronounced against you at this time?

"Mr. K. Alcorn: I know of no reason."

The appellant was then sentenced to not less than five nor more than ten years on the first count of the first information and all other sentences in both informations were to run concurrently.

We must conclude from these undisputed facts that appellant's rights were not affected by his failure to receive a preliminary hearing.

A preliminary hearing is not a trial for the purpose of determining the guilt of the accused and it is waived where the defendant enters a voluntary plea of guilty in the district court. In *State v. Daegele,* 193 Kan. 314, 316, 393 P. 2d 978, cert. denied 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686, we stated:

". . . The purpose of a preliminary examination for one charged with a felony is to determine whether an offense has been committed and whether there is probable cause for charging a defendant with the commission thereof. The proceeding is not a trial in the sense that one may be found 'guilty.' A defendant is bound over for trial only where the state establishes that an offense has been committed and that there is probable cause for charging him with its commission—otherwise he is to be discharged. . . ."

The very general rule of this court as to waiver of a preliminary hearing was stated in *Plasters v. Hoffman,* 180 Kan. 559, 560, 305 P. 2d 858, where we said:

". . . Moreover, under decisions dealing with like contentions, this

court has held that a person charged with the commission of a felony waives his right to a preliminary hearing by entering a plea of guilty in the district court (see e. g., *Cooper v. Hudspeth,* 166 Kan. 239, 240, 199 P. 2d 803; *Foster v. Hudspeth,* 170 Kan. 338, 340, 224 P. 2d 987)." (See, also, *Thomas v. Hand,* 184 Kan. 485, 337 P. 2d 651.)

We find no merit in appellant's contention that an attorney was belatedly appointed and inadequate time was allowed for consultation.

Counsel was appointed three days before the accused was brought before the district court for arraignment. The brother of the accused was also present. The record indicates that the defendant was guilty and knew he had no defense. He wanted to waive all of his rights and get a disposal of the matter. The exact length of time which he spent discussing his guilt with his attorney should not be made a determinative issue in this case.

As the files and the record conclusively show that the prisoner was entitled to no relief there was no occasion for a hearing or the appointment of an attorney. Public policy does not permit the district courts or this court to devote all of their time catering to convicts raising frivolous objections to their imprisonment.

The judgment is affirmed.

APPROVED BY THE COURT.