No. 32,145

THE STATE OF KANSAS, *Appellee,* v. GEORGE BADDERS, *Appellant.*

(42 P. 2d 943)

Opinion filed April 6, 1935.

*A. D. Weiskirch, Jr.,* of Topeka, for the appellant.

*Clarence V. Beck,* attorney-general, *Earl B. Swarner,* assistant attorney-general, *Forrest D. Smythe,* special assistant attorney-general, and *Lester Goodell,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was charged with the violation of R. S. 21-907. The information charged the offense in the general language of the statute, and in addition thereto alleged the specific manner in which the act complained of was performed. It contained four counts charging defendant with the offense committed with four young men, two of high-school age, two a little older. The trial resulted in a verdict of guilty on each count. Because of a previous conviction and penal servitude he was sentenced to terms in the penitentiary twice as long as the statute provides for the offense if there had been no such previous conviction. Three of the sentences were made to run consecutively, the fourth to run concurrently with the others. He has appealed.

Appellant contends his motion to quash should have been sustained on the ground the act described in the information is not an offense under the statute. That specific question was presented to this court in *State v. Hurlbert,* 118 Kan. 362, 234 Pac. 945. Indeed, it was the only question presented. The court thoroughly considered the question and decided it adverse to appellant's contention. The court noted some division of authority, but deemed its conclusion in harmony with the weight of authority and with the better reasoning. The article, since published in 58 C. J. 786 *et seq.,* with citations, confirms that conclusion. There is no reason to change our former holding.

Appellant contends the court erred in sustaining a demurrer to his plea in abatement, predicated upon the ground that he had no legal preliminary examination and that he had not waived it, nor was he a fugitive from justice. The record discloses he had a preliminary examination at which all witnesses which either party desired to call, were sworn and testified, at the close of which he was duly bound over for trial in the district court. But appellant contends the preliminary examination was unlawful, for the reason: (1) That the magistrate refused his application for a fifteen-days continuance after he had filed the affidavit provided by R. S. 61-801. This section pertains to continuances in civil actions before a justice of the peace. It has no application to continuances of preliminary examinations before a magistrate. That is governed by R. S. 62-611. This leaves the matter of continuance within the discretion of the magistrate (16 C. J. 322) with the exception that the continu-

ance cannot be longer than ten days over defendant's objection. (2) That the magistrate overruled his application for a change of venue. That consisted of defendant's affidavit that he thought the magistrate prejudiced against him. The affidavit contained no facts which would have justified the change of the hearing to another magistrate, even if the statute provided for such a change; but it does not. We are cited to no statute, and our own research discloses none, providing for any change of venue in the hearing of a preliminary examination in a felony case. Appellant argues that such a hearing is a trial, and hence that the matter of change of venue should be governed by the rules pertaining to trials of civil or criminal actions. The point is not well taken. The preliminary examination in a felony case is not a trial in the sense that word ordinarily is used. (16 C. J. 316, 323.) It is purely statutory, since it was unknown at common law. (16 C. J. 314.) It is not judicial, and authority to conduct such examination may be vested in persons other than courts (16 C. J. 319), such as mayors (R. S. 62-201). A discharge by a magistrate is not a bar to another examination. (16 C. J. 334; *State v. Jones,* 16 Kan. 608.) (3) That the county attorney refused to deliver to defendant for inspection written statements made by the four young men to the county attorney in his office when he was attempting to learn the facts respecting the offense. It is sufficient to say defendant was not entitled to inspect such statements. They were in no sense public records and amounted to no more than memoranda the county attorney might have made of what the witnesses told him. (See *State v. Laird,* 79 Kan. 681, 100 Pac. 637; *State v. Jeffries,* 117 Kan. 742, 232 Pac. 873; *State v. Furthmyer,* 128 Kan. 317, 277 Pac. 1019; *State v. Hooper,* 140 Kan. 482, 37 P. 2d 52.)

In developing the story of the offense charged from the four young men called as witnesses it was brought out that the same offense had been committed with the same young men at different times and on some occasions outside of this state. Appellant contends this testimony was wrongfully received, especially as to those acts outside of this state, for the reason that there was no showing that they constituted crimes in the state where they were committed. This evidence was not offered to establish the commission of a crime in another state. Appellant was tried for no such crime. It was offered to show other offenses of the same kind, and, as it happened here, with the same party, to show habit, motive and practices, as

well as being a part of the story of the offense specifically charged, and was competent for those purposes. (*State v. Reuter*, 126 Kan. 565, 268 Pac. 845; *State v. Frizzell*, 132 Kan. 261, 295 Pac. 658.) The court in its instructions to the jury correctly advised the jury the purposes for which such evidence was received. No complaint is made of the instruction.

The defendant, by several witnesses called on his behalf, offered testimony that defendant had not committed the offense with them although he was with them under such circumstances that it might have been done. The court excluded this evidence and it was re-offered by affidavit on the motion for a new trial. Appellant complains of the exclusion of this evidence. The ruling was proper. One who is charged with burglarizing a house cannot well defend by showing that he might have burglarized a score or more of other houses and that he did not do so.

Appellant complains that the court appointed a commission to inquire into the defendant's sanity at the time of the trial. That came about in this way: Defendant called as a witness a doctor who, in answer to a hypothetical question, gave it as his judgment that the defendant at the time he committed the crimes charged—if he did commit them—was not normal mentally and was in fact afflicted with some degree or variety of insanity. Questioned by counsel for the state the witness testified that the mental condition which he described was a permanent one and existed at the time of the trial. When this was brought out the court, on its own motion, appointed a commission to determine defendant's sanity, and stopped the trial while such an examination was made. The commission found defendant to be sane, and the trial proceeded. The action of the court was in harmony with the law pertaining thereto. (R. S. 62-1531.) When during a trial it is brought out by the testimony of any witness, or is called to the attention of the court by anyone connected with the case, that the defendant then on trial is insane, or that there is a serious question as to his sanity at that time, it is the duty of the court to stop the trial and make an inquiry concerning that matter. (*State v. Detar*, 125 Kan. 218, 263 Pac. 1071.) It is the policy of the law not to try persons while they are insane. There was no error in the action of the court.

Appellant complains of certain remarks of the court at the trial as misconduct. Having read the entire transcript, we find nothing in the record that justifies even suggesting that question. Defend-

ant's requested instructions were properly refused, and there was no error in the court overruling the motion for a new trial.

The judgment of the court below is affirmed.