No. 37,393

CARL FRY, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(197 P. 2d 945)

Opinion filed October 9, 1948.

*John E. Buehler,* of Atchison, argued the cause, and was on the briefs for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

THIELE, J.: Carl Fry prepared and filed his own petition for a writ of habeas corpus and his application that counsel be appointed for him so that he might be properly represented in court. The respondent filed a motion that the petition be made more definite in certain particulars and that motion was sustained and petitioner thereupon filed an amended petition, the respondent answered and

John E. Buehler, a reputable and competent attorney at law, was appointed to represent the petitioner.

The following facts are not in dispute. In the latter part of 1942 the petitioner had been convicted of the crime of burglary in the second degree and of grand larceny and sentenced to the reformatory at Hutchinson. He was paroled and while on parole was arrested and later tried on an information containing four counts of burglary in the second degree and grand larceny and one count of attempted burglary alleged to have been committed on March 31, 1944. At his trial on September 2, 1944, he was represented by counsel retained for him by his father and entered a plea of guilty to all five counts. The state offered evidence as to the previous conviction. The trial court rendered its judgment sentencing the petitioner to confinement in the state penitentiary under G. S. 1935, 21-523 and 21-524, and G. S. 1943 Supp. 21-107a, to serve a period of not less than ten years and not more than twenty years on the charges of burglary in the second degree, and a period not exceeding ten years on the charges of larceny in the first four counts, the sentences on the charges of larceny to run concurrently with the sentences of burglary, and that he serve a period not exceeding ten years on the charge of attempted burglary, the sentences on the first, second and third counts to run consecutively and the sentences on the fourth and fifth counts to run concurrently therewith.

In discussing the contentions presented we shall take into consideration not only the affidavits filed by the respondent, but the verified petition and amended petition which we shall treat as the petitioner's deposition.

In the petition for the writ it is alleged petitioner was arrested without a warrant and before any charges had been filed against him and his constitutional rights thus invaded. In his brief the contention is stated that when he was arrested the officers had no warrant in their possession giving authority to arrest him for the offenses with which he was later charged, and it is contended that his arrest was illegal and therefore that a revolver and other articles taken from him were illegally obtained. With respect to the arrest without a warrant, it may be doubted that at this time petitioner may raise the question but if so it cannot avail. In *Pritchett v. Sullivan,* 182 Fed. 480, the circuit court of appeals considered the question. Sullivan was arrested without a warrant in Junction City, Kan., and later sued Pritchett for false imprisonment and malicious prosecu-

tion in the United States District Court of Kansas. He obtained judgment in the district court, which was reversed on appeal. Reference is made to the opinion for the facts and for a review of authorities resulting in the holding that:

"Under the rule of the common law, in force in states where not changed by statute, public officers specially charged with the enforcement of the laws and the preservation of the peace may lawfully arrest without a warrant and without view of the crime, when they have reasonable ground for believing that a felony has been committed." (Syl. ¶ 1.)

See, also, *State v. Mowry,* 37 Kan. 369, 15 Pac. 282. The rule of the common law relating to arrests has not been changed by any statute to which our attention is directed, and it has not been made to appear that the manner of petitioner's arrest invaded his constitutional rights. Insofar as his complaint that his rights were invaded because of the revolver and other property, it needs only to be remarked that petitioner pleaded guilty and no evidence was necessary or introduced. Petitioner is not entitled to his release on either of the matters just discussed.

Petitioner contends he was denied constitutional rights because counsel was not appointed for him at his preliminary hearing. He does not contend that he asked for counsel and was refused. There is no statutory provision that counsel must be appointed for him at a preliminary hearing. It has been held that a preliminary examination in a felony case is not a trial in the sense that word is ordinarily used (see *State v. Badders,* 141 Kan. 683, 42 P. 2d 943), and that in the absence of a statute requiring appointment of counsel upon preliminary examination, his right is not invaded (see 22 C. J. S. 498; *Roberts v. State,* 145 Neb. 658, 17 N. W. 2d 666; *Burall v. Johnston,* 53 F. Supp. 126; *Harris v. Norris,* 188 Ga. 610, 4 S. E. 2d 840). Petitioner's contention may not be sustained.

Petitioner also contends that his sentence under G. S. 1943 Supp. 21-107a providing for increased sentences for persistent violators, subjected him to double jeopardy. The gist of his complaint is that on his prior conviction the court sentenced him to imprisonment in the state reformatory and not in the penitentiary, and the court in sentencing him for the second conviction was without authority to sentence under the above statute. The statute mentioned provides that, "Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction . . . " The section has been held to be constitu-

tional (*Cochran v. Simpson,* 143 Kan. 273, 53 P. 2d 502). There is no doubt under the record that petitioner's first conviction was for a felony, the punishment for which was confinement in the penitentiary, and that the statute was applicable when he was again convicted of a felony. The punishment referred to in the statute refers to the offense, and not to the sentence which the court rendered, and the fact the court for the first offense sentenced petitioner to the state reformatory instead of the penitentiary, did not have the effect for which petitioner contends. See *Martin v. Amrine,* 156 Kan. 384, 386, 133 P. 2d 582, certiorari denied, 319 U. S. 745, 87 L. Ed. 1701, 63 S. Ct. 1029, where it was said that the industrial reformatory and the penitentiary are each a part of the penal system of the state. In any event there is no double jeopardy involved nor may it be held the judgment and sentence under the section mentioned was improper. The contention is denied.

Petitioner also contends that he was denied the right to a fair and impartial trial by jury for the reasons that he entered his plea of guilty upon assurance given him by his counsel that he would be sentenced to the state reformatory and upon the assurance the sentences on all the counts would run concurrently, and that after sentence was pronounced he requested his counsel to allow him to withdraw his plea of guilty and his counsel refused to allow him to do so; that at the time he was nineteen years of age and unable to understand the full force of the proceedings and relied upon the fact his attorney told him he could not withdraw his plea.

The respondent has procured the affidavits of the county attorney, the trial judge and the attorney who represented the petitioner in the district court, and without detailing what is there stated, the statements in those affidavits directly controvert the petitioner's statements, and show that no assurances as above mentioned were given the petitioner either by his counsel or by the county attorney or the trial court. His attorney's affidavit goes into detail to show that petitioner entered his plea after being fully advised as to the result of such a plea. The rule is that where it is contended in a habeas corpus proceeding that the imprisonment is illegal by reason of certain claimed facts, and those facts are controverted by the respondent, the petitioner must establish the facts by a preponderance of the evidence (*Down v. Hudspeth,* 162 Kan. 575, 178 P. 2d 219). We have examined the petitioner's statement and the affidavits introduced by the respondent and find that the petitioner has

not established that he was denied a fair and impartial trial for any of the reasons above mentioned.

And finally, petitioner contends that he was denied equal protection of law and that his plea of guilty was the result of duress. The gist of this complaint is that he was represented by counsel employed by his father; that he requested the services of another attorney but was told by his father that the attorney selected by the father must represent him; that such attorney failed to properly represent him in that statements as to the sentence he would receive were untrue and after sentence was passed the attorney would not allow him to seek to withdraw his plea. There is no showing whatever that any facts as to disputes between petitioner and his father as to counsel were ever communicated to the trial court and the county attorney, or to the attorney who did represent him.

The record does disclose that the attorney retained by the father competently represented the petitioner, and the contention of petitioner that he was denied equal protection of law and that his plea of guilty was the result of duress is not sustained.

Upon consideration of the entire record, this court is of opinion the writ of habeas corpus prayed for should be and it is denied.