Nos. 42,746 and 43,014 (consolidated).

THE STATE OF KANSAS, *Appellee*, v. THOMAS WILLIAM CROWE, *Appellant*.

(378 P. 2d 89)

Opinion filed January 26, 1963.

*Thomas William Crowe*, Appellant, was on the briefs *pro se*.

*Keith R. Jones*, County Attorney, Pittsburg, argued the cause, and *William Ferguson*, Attorney General, Topeka, was with him on the briefs for Appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal by the defendant, Thomas William Crowe, from a conviction of murder in the second degree (G. S. 1949, 21-402).

On November 21, 1960, the defendant was arrested on a complaint charging him with murder in the first degree. He waived preliminary hearing in the city court of Pittsburg on November 21, 1960, and was bound over to the district court of Crawford County for trial. On the following day, November 22, 1960, the defendant was taken before the judge of the district court and the court was advised that the defendant did not have counsel or funds with which to employ counsel. Thereupon, the court appointed Perry

Owsley, a regular practicing attorney of Pittsburg, and a member of the Crawford County Bar, as counsel for the defendant.

On January 3, 1961, the state filed an amended information charging the defendant with murder in the second degree. Thereafter and on the same day, the defendant was formally arraigned and with his counsel concurring, he entered a plea of guilty to the charge of murder in the second degree as contained in the amended information. The court inquired of the defendant whether he knew of any legal cause why judgment and sentence should not be pronounced upon him and the defendant answered in the negative. Thereupon, the defendant was sentenced to confinement at hard labor in the Kansas State Penitentiary for an indeterminate period of time for not less than ten years nor more than life as prescribed in G. S. 1949, 21-403.

At the outset, the state contends this court does not have jurisdiction of the appeal, the point being that it was not timely filed. We do not agree. Defendant filed two instruments designated "Notice of Appeal." One was filed with the clerk of the district court on June 26, 1961, but was not forwarded to this court until January 24, 1962. That appeal was docketed as case No. 43,014. The other instrument was filed July 10, 1961; was forwarded to this court on August 17, 1961, and was docketed as case No. 42,746. On September 29, 1962, the appeals were ordered consolidated.

The appeal filed on July 10, 1961, was not timely perfected within six months from the date of conviction and sentence as prescribed by G. S. 1949, 62-1724, however, notice of the appeal filed on June 26, 1961, was served on the county attorney and proof of service was duly filed with the clerk of the district court on that same day, hence that appeal was timely perfected within the six months period and is sufficient to confer jurisdiction on this court to review alleged errors (*State v. Sims*, 184 Kan. 587, 337 P. 2d 704; *State v. Shehi*, 185 Kan. 551, 345 P. 2d 684; *State v. Hanes*, 187 Kan. 382, 357 P. 2d 819).

The defendant first contends his conviction should be reversed upon the ground that the city court of Pittsburg committed error "when it forced appellant to waive preliminary hearing because counsel was denied." The contention lacks merit for two reasons: first, the record clearly shows that the defendant did not request the assistance of counsel at the preliminary hearing, and second, we have no statute or decision which requires an examining magistrate to appoint counsel for a defendant at a preliminary hearing. In

*State v. Badders,* 141 Kan. 683, 42 P. 2d 943, Mr. Chief Justice Harvey, speaking for the court, said:

". . . The preliminary examination in a felony case is not a trial in the sense that word ordinarily is used. (16 C. J. 316, 323.) It is purely statutory, since it was unknown at common law. (16 C. J. 314.) It is not judicial, and authority to conduct such examination may be vested in persons other than courts (16 C. J. 319), such as mayors (R. S. 62-201). . . ." (1. c. 685.)

Consequently, in the absence of a statute requiring appointment of counsel upon preliminary examination, a defendant's constitutional rights are not invaded (*Fry v. Hudspeth,* 165 Kan. 674, 676, 197 P. 2d 945; *State v. Aspinwall,* 173 Kan. 699, 706, 252 P. 2d 841; *In re Farris,* 175 Kan. 704, 712, 267 P. 2d 190; *Martin v. Edmondson,* 176 Kan. 374, 376, 270 P. 2d 791).

The defendant next contends that his court-appointed counsel was "a civil attorney, not a competent criminal attorney," and so incompetently handled his case that he was denied due process of law. As has been indicated, the defendant was originally charged with murder in the first degree. Following the appointment of counsel, the district court deferred the arraignment of the defendant until January 3, 1961. Approximately forty days elapsed between the filing of the information and the amended information and during that time counsel conferred with the defendant at least seven times and also conferred with the county attorney. While the record does not so indicate, it is evident to us that because of Mr. Owsley's adequate and diligent representation of the defendant, the charge was reduced to murder in the second degree. Furthermore, Mr. Owsley has been a member of the Bar of this court since 1938; he served as judge of the district court of Crawford County for at least four years, and he possesses unquestioned legal ability and integrity. There is absolutely nothing in this record to sustain the charge of inadequate representation of counsel.

The defendant lastly contends the district court committed reversible error when it deprived him of "a fair hearing." He contends that upon his arraignment and subsequent plea of guilty there were no witnesses present in court and no evidence was introduced by the state to substantiate his plea. None was required. In *Curl v. Hoffman,* 179 Kan. 153, 252 P. 2d 1118, it was said:

"At his trial appellant was fully advised as to his rights, waived counsel and entered his plea of guilty. Under the circumstances there was no occasion for the state to introduce evidence to prove the elements of the offense charged in the information." (1. c. 154.)

Frankly, this appeal has no merit. It is to be regretted that it ever consumed the time and encumbered the records of this court.

The judgment of the district court is affirmed.