No. 43,719

The State of Kansas, *Appellee*, v. W. H. Naillieux, Also Known as Wendell H. Naillieux, *Appellant*.

(391 P. 2d 140)

Opinion filed April 11, 1964.

*Kenneth E. Peery,* of Concordia, argued the cause and was on the briefs for the appellant.

*John Weckel,* county attorney, argued the cause, and *William M. Ferguson,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by defendant in a criminal prosecution wherein the jury found defendant guilty of forgery in the second degree, under G. S. 1949, 21-608, and the district court of Saline county pronounced sentence upon defendant to serve not to exceed ten years in the state penitentiary.

The notice of appeal was based upon five grounds including the

trial court's finding that defendant was guilty of forgery in the second degree; the court's orders overruling defendant's motions for new trial and for arrest of judgment in regard to count I, forgery; and the sentencing of defendant not to exceed ten years in the state penitentiary. The other ground will not be discussed since the trial court sustained defendant's motion in arrest of judgment as to a second count of the information.

Defendant's counsel raises thirteen specifications of error which we shall discuss as presented by the parties in their arguments and briefs.

The record shows that on August 25, 1962, while defendant and Jesse James Waite, a former school mate, were drinking together in Rosie's Roundup located on Fifth Street in Salina, Kansas, they ran out of funds and decided to write a check to get more money so they could continue to drink. They obtained a check blank and Waite wrote a check in the amount of $19.60 payable to defendant, signing it "Don J. Wilson," and adding the word "labor" at the bottom of the check. Waite did not know whether there was a Don J. Wilson in Salina or whether there actually was a person by that name. Their first attempt to cash the check was unsuccessful because the check did not have an account number on it. Defendant added an account number to the check and they went to a Safeway Store where defendant cashed the check and purchased a few groceries while Waite waited in the car. He then returned to the car and gave Waite $6.00 from the proceeds of the check. Defendant was subsequently arrested and brought before the judge of the city court of Salina under a complaint charging forgery in the second degree in violation of G. S. 1949, 21-608, where he was arraigned and a preliminary hearing was had.

We should here pause to point out that defendant's counsel urges a reversal of this case because the judge of the city court failed to appoint counsel to represent him in that court since he was an indigent defendant. That judge was called as a witness in the hearing of the motion for new trial in the district court when defendant raised this question for the first time. The judge's testimony was that while no verbatim record had been made of the preliminary hearing, defendant was advised of the offenses charged against him and they were read to him. In addition, defendant was advised he had a right to obtain counsel but that the city court judge had no

authority to appoint counsel for him. Defendant made no request for appointment of counsel at the preliminary hearing.

In connection with the above, attention is called to G. S. 1961 Supp., 62-1304 which applies to a defendant ". . . about to be arraigned upon an indictment or information for any offense against the laws of the state. . . ." Defendant's counsel concedes the above statute does not require appointment of counsel for a preliminary hearing but he cites *Martin v. Edmondson*, 176 Kan. 374, 270 P. 2d 791, where the rule is stated thus:

"While . . . at a preliminary hearing a defendant *may be* assisted by counsel in such examination, it does not require the examining magistrate to appoint counsel for such defendant upon his demand therefor, and refusal to appoint counsel in such cases is not error." (Syl. ¶ 1.) (Our emphasis.)

See, also, *State v. Crowe*, 190 Kan. 658, 378 P. 2d 89, where it was further held:

"A preliminary hearing in a felony case is not a trial in the sense that word ordinarily is used. Absent a statute requiring appointment of counsel, without request therefor, a defendant's constitutional rights are not invaded by waiving his preliminary examination without counsel." (Syl. ¶ 1.)

Thus we cannot agree with present counsel for defendant that defendant did not have a valid preliminary examination. At the conclusion of the preliminary hearing, the city court judge bound defendant over for trial in the district court of Saline county after finding that a crime had been committed and there was probable cause to believe defendant had committed it under G. S. 1949, 21-608 "as amended." Defendant's counsel argues that use of the last words "as amended" indicated confusion in the mind of the city court judge and, therefore, he could not possibly have apprised defendant of the exact crime with which he was charged. We think this proposition is without merit because it is admitted the statute in question has not been amended and the use of the words "as amended" would merely be surplusage.

It is claimed defendant was prejudiced in his preliminary hearing because the state's evidence, as testified to by a handwriting expert, was that the same person who wrote the check (Waite) also wrote the endorsement on the back thereof. We do not believe this prejudiced defendant for the reason that he later appeared, was arraigned, and entered his plea of "not guilty" in the district court. Waite, the other party to the forgery by his testimony made clear the circumstances and facts surrounding the commission of the

alleged offense, and we are unable to understand defendant's position that there was a variance between the charge at the preliminary hearing and the one in the district court.

In its argument here defendant's counsel then returns to the preliminary examination stage of the proceedings and argues that defendant was not properly advised of the charge against him but, as heretofore stated, the record shows the charge was read to him and explained to be a felony. We think the proposition is well stated in defendant's brief that defendant by a preliminary examination should be given a fair opportunity to know the general character and outlines of the offense charged against him but this defendant, without any authority therefor, would further require that every possible inference and all imaginative and speculative questions which might arise should be considered. Such is just not required by the law on a preliminary examination. A claim of variance between the offense charged and the proof, as complained of by defendant, is, therefore, totally without merit or support in this record.

The only purpose for the preliminary examination is to determine whether a crime has been committed and that there is probable cause to believe defendant committed the crime, which in nowise compares with the rigidity of the requirement in the trial of the case where defendant is considered innocent until proved guilty beyond a reasonable doubt. While it is true the state did not produce a Don J. Wilson, or prove there was such a person in existence, under this record it cannot be said that Waite and defendant, or the state, knew this to be a fact.

Defendant further complains that he had desired to testify in the trial of his case but his counsel refused to allow him to do so. During the hearing on the motion for new trial, defendant's present counsel told the trial court this refusal had taken place and the trial court, as reflected in the record, explained that after conviction every defendant, and even his attorney, is of the opinion it was a mistake for him not to take the witness stand. Apparently no objection was made to the competency of the attorney handling the trial of the lawsuit, but counsel in this appeal seems to think defendant should have been allowed to testify. Counsel in the court below was employed by defendant's family and he may have agreed with the trial court that if the defendant took the stand, any

previous record defendant might have had would have been divulged and defendant would thereby have been prejudiced more than if he avoided testifying even though the trial court gave the usual instruction admonishing the jury that such information was not to be considered during its deliberations.

Defendant objects to a juror asking the bailiff the difference in the degrees of forgery while they were out of the presence of the trial court. The record does not show the juror who testified on the motion for new trial ever asked such a question, nor is an answer by the bailiff indicated, but the jury was later brought into the court-room by the judge and the question was answered by the judge in the presence of counsel and defendant.

Defendant contends he was compelled to attend trial in his jail clothes and was thus deprived of a fair trial. The record does not disclose any such fact or anything that approaches it.

We cannot agree with other contentions made by defendant in regard to facts shown by the record and it would only extend this opinion unnecessarily to discuss each and every minute detail con-ceived herein by capable and energetic counsel.

Present counsel for defendant frankly admits he did not represent defendant during the trial in the court below, that Jack N. Stewart, a regularly practicing and qualified attorney of the Saline County Bar first represented defendant but he was discharged by defendant, and defendant thereafter informed the court he had employed Harold Crowther, another member of the Saline County Bar, as his counsel. From the statement of present counsel for defendant it appears Mr. Crowther was employed by members of defendant's family, and subsequent thereto present counsel was retained for the purpose of presenting the motion for new trial, all of which makes it questionable whether defendant is an indigent person so as to be qualified for court-appointed counsel under the law although we are aware of his affidavit declaring that he is indigent.

It cannot be denied that G. S. 1961 Supp., 62-1304 requires appointment of counsel for an indigent defendant during a trial where he may be found guilty of a felony upon indictment or in-formation (and see *Gideon v. Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. 2d 799, 93 A. L. R. 2d 733; 37 St. John's Law Review, No. 2, p. 358, [May, 1963]; 24 University of Pittsburgh Law Review, No. 4, p. 851, [June, 1963]; 30 Journal of Bar Association of the District of Columbia, No. 12, p. 622, [December, 1963]) but we

adhere to our opinion in *State v. Crowe,* supra, where it is said a preliminary hearing in a felony case is not a trial in the sense that word is ordinarily used.

Our conclusion from this record is that this defendant was given ample opportunity to be represented by counsel at every stage of the proceedings where representation was required.

The trial court's judgment of conviction based on the jury's verdict finding defendant guilty of forgery in the second degree, and the sentence thereafter imposed, are affirmed.

FONTRON, J., not participating.