No. 44,093

STATE OF KANSAS, *Appellee,* v. THOMAS BAIER, *Appellant.*

(399 P. 2d 559)

Opinion filed March 6, 1965.

*G. L. Rohrer,* of Lincoln, argued the cause, and *W. W. Urban,* of Lincoln, was with him on the brief for the appellant.

*Richard W. Wahl,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

ROBB, J.: Defendant was charged with forgery in the second degree under the provisions of K. S. A. 21-608 and appeals from the judgment and sentence of the trial court under K. S. A. 21-631 upon his plea of guilty while represented in the trial court by court-appointed counsel.

As set out in the joint abstract of the parties, the facts are not in dispute.

The prime question here is whether defendant should have had court-appointed counsel at his preliminary hearing, which hearing he waived without counsel. Defendant contends he should have had such counsel but we are faced with the reality of the law as it has been interpreted in this state under our existing statutes.

We have no statute which requires legal representation at a preliminary hearing. Under K. S. A. 62-615 a defendant may be assisted by counsel at a preliminary hearing but failure of the court to appoint counsel for him cannot be held to be reversible error. A thorough discussion of this matter is to be found in *State v. Daegele,* 193 Kan. 314, 316, 393 P. 2d 978 (cert. denied, 379 U. S. 981, 13 L. ed. 2d 571, 85 S. Ct. 686) and cases cited therein.

On February 17, 1964, when defendant appeared for trial in the

district court, the court inquired as to whether he had an attorney and defendant replied:

"No, I don't. I told the prosecuting attorney here I wish to enter a plea of guilty to it, and I would waive my rights for counsel."

The trial court refused to accept such waiver of defendant's right to counsel and thereupon appointed counsel for him. After such appointment of counsel, and on February 25, 1964, defendant entered a voluntary plea of guilty and thereby waived any previous irregularity pertaining to the preliminary hearing. (*State v. Daegele,* supra.) See, also, *State v. Jordan,* 193 Kan. 664, 396 P. 2d 342, where it was stated:

"Any alleged 'irregularity' pertaining to a preliminary examination is deemed to have been waived where a defendant enters a voluntary plea of guilty in the district court." (Syl. ¶ 4.)

The record further reflects that when sentence was pronounced by the trial court, defendant requested a parole from the trial court. Recently in *State v. Robertson,* 193 Kan. 668, 396 P. 2d 323, Syl., this court restated its long-established rule that a defendant, by applying for a parole, recognizes the validity of the judgment and acquiesces therein. To the same effect are *State v. Mooneyham,* 192 Kan. 620, 390 P. 2d 215, cert. denied, 377 U. S. 958, 12 L. ed. 2d 502, 84 S. Ct. 1640; *State v. Irish,* 193 Kan. 533, 393 P. 2d 1015.

On the basis of this record we are of the opinion defendant has failed to show that his substantial rights were prejudiced and our conclusion is the trial court committed no reversible error in the particulars complained of by defendant.

Judgment affirmed.