No. 44,209

CHARLES MARTIN PORTIS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(403 P. 2d 959)

Opinion filed July 10, 1965.

*Robert Guier,* of Troy, argued the cause and was on the briefs for the appellant.

*G. T. Van Bebber,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order and judgment of the district court of Doniphan County denying appellant's motion under K. S. A. 60-1507 to vacate and set aside a prior judgment and sentence of that court in a criminal action.

The facts required to dispose of this appeal will be related as briefly as the state of the record permits.

On July 3, 1959, the appellant, who had previously been charged by a complaint containing three counts of burglary in the third degree, was taken before a proper magistrate in Doniphan County for a preliminary examination where, without counsel, he announced in open court that he desired to and did waive such

preliminary examination. Thereupon appellant was bound over to the district court for trial.

Following the action just related an information was filed in the district court charging appellant with having committed the crimes in question. At appellant's arraignment in the district court on July 13, 1959, the court interrogated him as to his financial status and, having satisfied itself that he was an indigent, appointed Robert Guier, a capable and well-qualified attorney of Troy, to represent him in the case. Later, and on the same day, his court-appointed counsel being present, the court inquired of appellant if he had had an opportunity to confer with his attorney and if he was ready to be arraigned. Having received an affirmative answer to both questions the court then caused the information to be read in open court and asked how the appellant desired to plead. Appellant then entered a plea of guilty to each of the three counts contained in the information. Thereupon, the court inquired of the appellant and his counsel if there was any legal reason why sentence should not now be pronounced and, when each gave a negative answer, properly sentenced the appellant to the Kansas State Penitentiary for the period of time prescribed by statute for commission of the crimes to which he had entered his pleas of guilty.

On August 11, 1964, more than five years after he had been sentenced to the state penitentiary on his pleas of guilty to the crimes, to which we have heretofore referred, appellant filed a letter in the district court of Doniphan County which, so far as here pertinent, reads:

"The recent decisions of the United States Supreme Court in *Escobedo v. Illinois*, 375 U. S. 902, and *Gideon v. Wainwright*, 372 U. S. 335, state that a person is entitled to consult with counsel as soon as an investigation makes him a prime suspect. I had no attorney at arraignment and I was allowed to waive preliminary without an attorney. I would therefor ask that you vacate the sentence and judgment of this court, and grant me a hearing as soon as possible."

The record discloses that, after receiving the foregoing letter, the district court made the following order:

". . . The court examines said letter and finds that it should be treated as a motion attacking sentence under the provisions of K. S. A. 60-1507. Thereupon, the court finds that the defendant, Charles Martin Portis, is an indigent person and should be permitted to proceed in forma pauperis. Thereupon, the court appoints Robert Guier, an attorney of the bar of Doniphan County, Kansas, to represent the defendant, Charles Martin Portis,

in connection with said motion. Thereupon, the court continues further hearing upon said motion to the 5th day of October, 1964, in order to give defendant's counsel time to prepare himself for further hearing."

On the date last above indicated the district court conducted a full and complete hearing on appellant's 60-1507, *supra*, proceeding and, after finding that it possessed no merit, overruled and denied such motion.

Thereafter, and on November 4, 1964, appellant filed his hand-written notice of appeal in the district court of his intention to appeal to this court, along with an application asking that the district court grant him leave to proceed *in forma pauperis*, furnish him with a free record, and appoint an attorney to represent him in such appeal. This application was granted by the district court and Robert Guier, who has twice before represented appellant in proceedings, heretofore noted, as court-appointed counsel, now brings the instant appeal to this court under a statement that the "Questions Presented" are:

"Did the District Court err in denying appellant's motion for discharge under K. S. A. 60-1507 on the grounds that he was not represented by counsel at all stages and most particularly that he was not represented by counsel at his preliminary hearing?"

In order that there may be no misunderstanding on the part of readers of this opinion as to what is actually involved in this appeal it becomes necessary at the outset to make reference to certain matters in the record which might otherwise be confusing and misleading.

It will be noted that appellant in his letter to the district court, which was subsequently treated by that tribunal as a motion attacking his original sentence under 60-1507, *supra*, makes the statement he had no attorney at arraignment and, in his statement of "questions presented" on appellate review, leaves the direct inference that he was not represented by counsel at all stages of the proceedings following his preliminary examination.

Having carefully reviewed the entire record, touching the points urged in the preceding paragraph of this opinion, it may now be stated that the indisputable facts are that appellant was not only represented by counsel at his arraignment but was also represented by court-appointed counsel throughout the course of all other subsequent proceedings herein involved.

From what has been stated up to this point it becomes crystal clear the sole and all-decisive question presented for appellate

review in the case at bar is whether, in the face of a record devoid of any showing that his rights were in any way prejudiced by the fact he was not represented by counsel at his preliminary examination, the appellant, as an indigent defendant, had a constitutional right to have counsel appointed by the court to represent him at his preliminary hearing.

This court, in a long and unbroken line of decisions, has fully demonstrated that in view of the existing law of this state an accused has no constitutional right to be furnished court-appointed counsel at his preliminary hearing. Nothing would be gained and it would only encumber our reports to here set forth at length what is said and held in our numerous decisions adhering to the view just stated, under facts, conditions and cicumstances similar to those here involved. For a few of our more recent decisions, the opinions of which are incorporated herein by reference and made a part of this opinion, see *State v. Crowe*, 190 Kan. 658, 378 P. 2d 89; *State v. Robertson*, 190 Kan. 771, 378 P. 2d 37; *In re Mortimer*, 192 Kan. 164, 386 P. 2d 261; *State v. Naillieux*, 192 Kan. 809, 391 P. 2d 140, certiorari denied, 379 U. S. 864, 13 L. Ed. 2d 67, 85 S. Ct. 131; *State v. Daegele*, 193 Kan. 314, 393 P. 2d 978, certiorari denied, 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686, *State v. Cox*, 193 Kan. 571, 396 P. 2d 326, certiorari denied, 380 U. S. 982, 14 L. Ed. 2d 276, 85 S. Ct. 1350; *State v. Jordan*, 193 Kan. 664; 666, 396 P. 2d 342, certiorari denied, 380 U. S. 920, 13 L. Ed. 2d 805, 85 S. Ct. 917; *White v. Crouse*, 193 Kan. 674, 679, 396 P. 2d 333, certiorari denied, 381 U. S. 954, 14 L. Ed. 2d 727, 85 S. Ct. 1814; *State v. Young*, 194 Kan. 242, 398 P. 2d 584; *State v. Richardson*, 194 Kan. 471, 399 P. 2d 799; *State v. Baier*, 194 Kan. 517, 399 P. 2d 559; *State v. Blacksmith*, 194 Kan. 643, 400 P. 2d 743; *Bergin v. State*, 194 Kan. 656, 400 P. 2d 978; *State v. Wharton*, 194 Kan. 694, 401 P. 2d 906; *Tarr v. State*, 194 Kan. 798, 402 P. 2d 309; *Powers v. State*, 194 Kan. 820, 402 P. 2d 328.

In the face of the indisputable facts, conditions and circumstances set forth at length in this opinion, and based on what is said and held in the decisions heretofore cited, we have no difficulty in concluding that the sole and all-decisive question raised by appellant in this case lacks merit and cannot be upheld. It follows the district court did not err (1) in holding that no constitutional right of the appellant was violated by failure of the examining magistrate to appoint counsel for him at his preliminary hear-

ing or (2) in refusing to vacate and set aside its original judgment and sentence in the criminal action.

Salient reasons requiring the conclusion just announced are well-stated in *State v. Daegele,* supra, where it is said:

"In the first place, under the laws of Kansas a preliminary examination is not a 'trial' in the ordinary sense of the word. (*State v. Badders,* 141 Kan. 683, 42 P. 2d 943.) The purpose of a preliminary examination for one charged with a felony is to determine whether an offense has been committed and whether there is probable cause for charging a defendant with the commission thereof. The proceeding is not a trial in the sense that one may be found 'guilty.' A defendant is bound over for trial only where the state establishes that an offense has been committed and that there is probable cause for charging him with its commission—otherwise he is to be discharged. (G. S. 1949, 62-618 [now K. S. A. 62-618].) Under the provisions of G. S. 1949, 62-615 [now K. S. A. 62-615], a defendant has the right to be assisted by counsel at a preliminary examination, but there is no statute requiring the appointment of counsel in such a proceeding, and it has been held many times that failure to appoint counsel at a preliminary examination is not error. (Citing cases.) . . ." (p. 316.)

Finally it should be stated that a further ground for affirmance of the trial court's judgment is to be found in our decisions. The well-established rule of this jurisdiction is that any claimed irregularities pertaining to a preliminary examination and/or preliminary hearing are deemed to have been waived where—as here—it appears the defendant in a criminal action, while represented by capable counsel, has entered a voluntary plea of guilty in the district court. See, *e. g., Foster v. Hudspeth,* 170 Kan. 338 (Syl. ¶ 3), 224 P. 2d 987 (petition for writ of certiorari dismissed on motion of petitioner), 340 U. S. 940, 95 L. Ed. 678, 71 S. Ct. 503, *State v. Daegele,* supra; *State v. Jordan,* supra; *White v. Crouse,* supra; *Bergin v. State,* supra, and *State v. Blacksmith,* supra. It is interesting to note that the same rule applies where a defendant, while represented by counsel waives arraignment, enters a plea of not guilty and goes to trial on the information. See *State v. Wallgren,* 144 Kan. 10, 11, 58 P. 2d 74; *State v. Osburn,* 171 Kan. 330, 335, 232 P. 2d 451, and *State v. Young,* 245, supra.

The order and judgment of the district court is affirmed.