No. 44,299

CHARLES A. CLEVELAND, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(407 P. 2d 488)

Opinion filed November 6, 1965.

*Kenneth E. Peirce,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Lane H. Cronhardt,* Assistant County Attorney, argued the cause and *Richard J. Rome,* County Attorney and *Raymond F. Berkley,* Assistant County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an order and judgment of the district court of Reno county denying appellant's motion under K. S. A. 60-1507 to vacate and set aside a prior judgment and sentence of that court in a criminal action.

The facts pertinent to a consideration of this appeal are reflected in the record as follows:

The appellant first appeared before the city court of Hutchinson on May 18, 1955. A preliminary examination was set down for hearing on June 6, 1955. The appellant was without counsel at the hearing, offered no evidence and was bound over to the district court for trial.

Counsel was appointed by the district court, the appellant was tried by a jury and convicted of robbery in the first degree on October 5, 1955. On October 18, 1955, the appellant, with his court appointed counsel, appeared in court for sentencing and was

committed to the Kansas State Penitentiary at Lansing. The appellant made no attempt to appeal from this judgment and sentence.

On January 5, 1965, the appellant filed a motion in the Reno county district court to vacate his judgment and sentence. Kenneth E. Peirce, a member of the bar of the county, was appointed to represent appellant. A hearing was had on April 13, 1965, in division one of the Reno County district court and the court filed a written memorandum opinion in which appellant's motion was denied. An appeal from this order was duly taken and perfected.

The sole issue raised by the appellant in this appeal is that he was denied due process of law by not having counsel appointed to represent him at the preliminary hearing.

Counsel for appellant admits that a long and unbroken line of decisions by this court have clearly and fully stated that in view of the existing law in this state an accused has no constitutional right to be furnished court appointed counsel at his preliminary hearing. Counsel for appellant attempts to distinguish the factual situations involved here from those of previous cases involving counsel at preliminary hearings. He further argues that the existing rule concerning counsel at preliminary hearing in Kansas is in need of modification in order to guarantee due process of law as envisioned by the Constitution of the United States.

In asking this court to modify its past rulings on this question the appellant overlooks the fact that a reappraisal was undertaken by the court subsequent to *Gideon v. Wainwright*, 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733.

In *Bergin v. State*, 194 Kan. 656, 658, 400 P. 2d 978, the court states, ". . . that, following *Gideon v. Wainwright*, supra, this court reviewed and reappraised its cases in the light of that decision and failed to find anything therein which would either warrant or require the overruling of its decision in *State v. Daegele*, supra, [193 Kan. 314, 393 P. 2d 978, certiorari denied, 379 U. S. 981, 13 L. Ed. 571, 85 S. Ct. 686]. . . ."

In *Portis v. State*, 195 Kan. 313, 403 P. 2d 959, the court again refers to recent decisions in which it was held that the accused has no constitutional right to be furnished with court appointed counsel at his preliminary hearing. It is to be noted that certiorari has been denied in a number of these cases. Decisions cited on this point in *Portis v. State*, supra, are incorporated herein by reference and made a part of this opinion, *State v. Crowe*, 190 Kan. 658, 378 P.

2d 89; *State v. Robertson,* 190 Kan. 771, 378 P. 2d 37; *In re Mortimer,* 192 Kan. 164, 386 P. 2d 261; *State v. Naillieux,* 192 Kan. 809, 391 P. 2d 140, certiorari denied, 379 U. S. 864, 13 L. Ed. 2d 67, 85 S. Ct. 131; *State v. Cox,* 193 Kan. 571, 396 P. 2d 326, certiorari denied, 380 U. S. 982, 14 L. Ed. 2d 276, 85 S. Ct. 1350; *State v. Jordan,* 193 Kan. 664, 666, 396 P. 2d 342, certiorari denied, 380 U. S. 920, 13 L. Ed. 2d 805, 85 S. Ct. 917; *White v. Crouse,* 193 Kan. 674, 679, 396 P. 2d 333, certiorari denied, 381 U. S. 954, 14 L. Ed. 2d 727, 85 S. Ct. 1814; *State v. Young,* 194 Kan. 242, 398 P. 2d 584; *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799; *State v. Baier,* 194 Kan. 517, 399 P. 2d 559; *State v. Blacksmith,* 194 Kan. 643, 400 P. 2d 743; *State v. Wharton,* 194 Kan. 694, 401 P. 2d 906; *Tarr v. State,* 194 Kan. 798, 402 P. 2d 309; *Powers v. State,* 194 Kan. 820, 402 P. 2d 328; *State v. Talbert,* 195 Kan. 149, 402 P. 2d 810, certiorari denied, 382 U. S. 868, 86 L. Ed. 2d 143, 86 S. Ct. 143.

Appellant attempts to distinguish this case from many Kansas cases in which the appellant complained about not having legal representation at his preliminary hearing on the ground that in many of those cases the appellant had either entered a plea of guilty or had waived his preliminary hearing. The appellant argues that if an accused pleads guilty and waives his preliminary hearing he would not have as strong a complaint as an accused who consistently maintained his innocence and yet was subjected to a preliminary hearing without the aid of counsel as in this case. In view of the clearly defined purpose of a preliminary hearing under the Kansas statute we are unable to give this contention of appellant favorable consideration.

Appellant makes no showing whatsoever as to any particular or specific way in which he was prejudiced by lack of counsel at his preliminary hearing; nor does he offer any proof or state any reason why the preliminary was a critical stage in the proceedings in his case.

In further considering appellant's attempt to distinguish his case, it should be stated that the rule under which any irregularities pertaining to a preliminary examination are waived when a voluntary plea of guilty is entered in district court applies as well when defendant waives arraignment, pleads not guilty and goes to trial on an information. See *Portis v. State,* 317, supra, *State v. Wallgren,*

144 Kan. 10, 11, 58 P. 2d 74; *State v. Osburn,* 171 Kan. 330, 335, 232 P. 2d 451, and *State v. Young,* 245, supra.

A complete review of the record on appeal reflects no showing that appellant was deprived of or waived any rights as a result of not being represented by counsel at his preliminary examination.

The judgment is affirmed.

FONTRON, J., not participating.