**Wendell H. NAILLIEUX, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.**

No. 8425.

United States Court of Appeals
Tenth Circuit.

Feb. 15, 1966.

James M. Bruce, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., of Kansas, on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is taken by appellant, a state prisoner, from an order of the District Court for the District of Kansas dismissing without prejudice a petition for a writ of habeas corpus. The order was entered without a hearing and recites "that petitioner was denied no constitutional right" in the state proceed-

ings and further that it "does not appear that petitioner has ever sought relief under the provisions of 60 K.S.A. § 1507, and under those circumstances he has not exhausted the remedies available to him in the courts of Kansas. * * * "

 We consider the judgment below to be so lacking in specificity as to prevent appellate review. Appellant alleges in his petition, among other things, that he was denied counsel at his preliminary hearing. Upon appeal, appellee argues only that the judgment should be affirmed because under Kansas statutory procedures the preliminary hearing was not a critical stage of the proceedings. The naked legal question so presented is one reserved by the Supreme Court, Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, but recently considered by this court under the law of New Mexico. Pearce v. Cox, 10 Cir., 354 F.2d 884. There is nothing in the present record to indicate that consideration of the nature of the Kansas procedures premises the court's order of dismissal.

Appellant, although admitting that he has pursued no remedy under 60 K.S.A. § 1507, argues that it would be futile to seek relief in the Kansas state courts in view of the opinion of the Kansas Supreme Court upon appellant's direct appeal, State v. Naillieux, 192 Kan. 809, 391 P.2d 140, cert. denied, 379 U.S. 864, 85 S.Ct. 131, 13 L.Ed.2d 67, and urges that the court erred in dismissing the petition for failure to exhaust state remedies. The state makes no counter-argument.

 The dismissal of federal habeas corpus for failure to exhaust state remedies is rooted in the doctrine of comity, Smith v. Kansas, 10 Cir., 356 F.2d 654, Jan. 1966, and is not consistent with a conclusion that the petitioner, as revealed by the files and records, has been denied no constitutional right. This record also suggests the potential issue of waiver of any constitutional right to counsel at the preliminary hearing. Appellant was represented by counsel at his trial. See

Shultz v. United States, 10 Cir., 351 F.2d 287; Pearce v. Cox, 10 Cir., 354 F.2d 884; Haier v. United States, 10 Cir., 357 F.2d 336, Jan. 1966.

The case is remanded to the district court for further proceeding consistent with this opinion and with directions to make and enter specific findings and conclusions as required by Rule 52(a), Fed. R.Civ.P.